IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO
MAY 16 2008
GREGORY C. LANGHAM
CLERK

Civil Action No. '08 - CV - 01023
(To be supplied by the court)

Jeremy Pinson , Plaintiff,

v.

Sara M. Revell ,

Robert Pacheco ,

Merry Wilner ,

Michael Nalley ,

Harley Lappin ,

Delbert Sauers ,

Johnny G. Chavez, III ,

Federal Bureau of Prisons , Defendant(s).

**RECEIVED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO
MAY -6 2008
GREGORY C. LANGHAM
CLERK

(List each named defendant on a separate line.)

---

**PRISONER COMPLAINT**

---

(Rev. 1/30/07)

## A. PARTIES

1. <u>Jeremy V. Pinson #16267-064   U.S. Penitentiary</u>
   (Plaintiff's name, prisoner identification number, and complete mailing address)
   <u>P.O. Box 5500, Adelanto, CA, 92301</u>

2. <u>Sara M. Revell - Warden - U.S. Penitentiary</u>
   (Name, title, and address of first defendant)
   <u>5880 State Hwy. 67 South, Florence, CO, 81226</u>
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes  _X_ No  (CHECK ONE).  Briefly explain your answer:
   <u>Federal employee</u>

3. <u>Robert Pacheco - Case Manager - U.S. Penitentiary</u>
   (Name, title, and address of second defendant)
   <u>5880 State Hwy. 67 South, Florence, CO, 81226</u>
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes  _X_ No  (CHECK ONE).  Briefly explain your answer:
   <u>Federal employee</u>

4. <u>Merry Wilner - Unit Manager - U.S. Penitentiary</u>
   (Name, title, and address of third defendant)
   <u>5880 State Hwy. 67 South, Florence, CO, 81226</u>
   At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes  _X_ No  (CHECK ONE).  Briefly explain your answer:
   <u>Federal employee</u>

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")

## B. JURISDICTION

1.  I assert jurisdiction over my civil rights claim(s) pursuant to: (check one if applicable)

    ___ 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

    _X_ 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2.  I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

    _____

    _____

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

The Plaintiff was incarcerated at the U.S. Penitentiary in Florence Colorado from October 3, 2008 to February 14, 2008. The Plaintiff believing his life was in danger due to previously aiding law enforcement and of homosexual orientation filed for transfer to lower security using the Administrative Remedy Program. Each request and appeal was denied and on February 14, 2008 the Plaintiff was transferred to the U.S. Penitentiary in Victorville, CA where on April 9, 2008 he was stabbed and brutally beaten by inmates. Plaintiff now sues.

(Rev. 1/30/07)                                 3

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: <u>Violation of the Eigth Amendment</u>

    Supporting Facts:

1. On October 3, 2007 the Plaintiff was transferred to the U.S. Penitentiary in Florence, Colorado by defendant Savers.

2. On October 14, 2007 the Plaintiff was placed into the Special Housing Unit of U.S.P. Florence.

3. On November 5, 2007 the Plaintiff filed a "Request For Administrative Remedy" ("BP-9") to defendant Revell seeking transfer to lower security on the grounds he was in danger because of previous aid to law enforcement and sexual orientation. (Remedy Id 472128-F1).

4. Defendant Revell denied the BP-9.

5. On November 29, 2007 the Plaintiff filed a "Regional Administrative Remedy Appeal" ("BP-10") on the same grounds to defendant Nalley. (Remedy Id 472128-R1).

6. On January 28, 2008 the BP-10 was denied.

(Rev. 1/30/07)                4

2. Claim Two: _____N/A_____

   Supporting Facts:

   N/A

3.  Claim Three: _N/A_

    Supporting Facts:

    N/A

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? X Yes ___ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit: _Sara Revell, et al_

2. Docket number and court name: _07-CV-02420-MSK-BNB (D. Colo)_

3. Claims raised in prior lawsuit: _8th Amend._

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?): _R. 41(a) dismissal_

5. If the prior lawsuit was dismissed, when was it dismissed and why? _Voluntary Dismissal_

6. Result(s) of any appeal in the prior lawsuit: _N/A_

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?
   X Yes ___ No (CHECK ONE).

2. Did you exhaust available administrative remedies? X Yes ___ No (CHECK ONE).

(Rev. 1/30/07)                                     7

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

1) Compensatory Relief and Punitive Damages against defendants Revell, Pacheco, Wilner, Chavez, Nalley, Lappin, Sauers totalling $250,000 in their individual capacity.

2) Declaratory relief against defendant Federal Bureau of Prisons in it's official capacity.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on   May 1, 2008
                    (Date)

_____
(Prisoner's Original Signature)

(Rev. 1/30/07)                             8

## A. Parties

5. Michael Nalley - Regional Director - Bureau of Prisons
   Gateway Complex Tower II, 400 State Ave., Kansas City, KS, 66101.

   Not acting under color of state law: Federal employee

6. Harley Lappin - Director - Bureau of Prisons
   320 First Street, NW, Rm. 841, Washington, D.C., 20534

   Not acting under color of state law: Federal employee

7. Delbert Sauers - Chief of DSCC - Bureau of Prisons
   346 Marine Forces Drive, Grand Prairie, TX, 75051.

   Not acting under color of state law: Federal employee

8. Johnny G. Chavez, III, - Special Investigative Agent - BOP
   5880 State Hwy. 67 South, Florence, CO, 81226.

   Not acting under color of state law: Federal Officer

9. Federal Bureau of Prisons
   320 First Street, NW, Washington, DC, 20534

   Not acting under color of state law: Federal Agency

D. Cause of Action (Claim One - Continued)

7. On January 27, 2008 the Plaintiff filed a "Central Office Administrative Remedy Appeal" (BP-11) to defendant Lappin on the same grounds. (472128-A1).

8. On February 14, 2008 the Plaintiff was transferred to the U.S. Penitentiary in Victorville, California.

9. On March 5, 2008 the BP-11 was denied.

10. On April 9, 2008 five inmates entered the cell in which Plaintiff was confined stabbing him twice and kicking him with hard-toed boots at the U.S. Penitentiary in Victorville, CA.

11. All defendants have a statutory duty under 18 U.S.C. 4042 et seq. to protect inmates.

12. Defendant Chavez was provided documentary proof of previous assistance to law enforcement by the Plaintiff but did nothing to ensure plaintiff's safety.

13. Defendant Revell was shown documentary proof of previous assistance to law enforcement by the plaintiff but failed to reasonably protect the plaintiff when she approved a disciplinary transfer request.

- 10 -

## D. Cause of Action (claim one Continued)

14. Defendant's Pacheco and Wilner initiated a disciplinary transfer knowing plaintiff was at risk of harm and further failed to take reasonable steps to protect plaintiff.

15. Defendants Lappin and Nalley failed to respond with reasonable measures to protect plaintiff in reviewing his Administrative Remedy Appeals.

16. Defendant Sauers failed to take reasonable steps to protect plaintiff when redesignating plaintiff from USP Florence.

17. The Defendants were deliberately indifferent to Plaintiff's safety.

18. The Defendants deliberate indifference allowed for the April 9, 2008 injury to occur.

19. The Defendant's knew of the risk of harm and failed to respond reasonably in light of that knowledge.