IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-01023-MSK-BNB

JEREMY V. PINSON,

Plaintiff,

v.

SARA REVELL,
ROBERT PACHECO,
MERRY WILNER,
DELBERT SAUERS,
D. J. HARMON,
MICHAEL HENDERSON,
J. VIGIL, and
J. McKINNEY,

Defendants.

_____

## ORDER DIRECTING PLAINTIFF TO MAKE
## MONTHLY FILING FEE PAYMENT OR TO SHOW CAUSE
_____

On July 2, 2008, the plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The order states, in part, the following:

> Plaintiff shall be required to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1) regardless of the outcome of this action. It is
>
> FURTHER ORDERED that the plaintiff shall pay an initial partial filing fee of $34.00. Plaintiff shall have **thirty (30) days from the date of this order** in which to have the designated fee sent to the clerk of the court or show cause why he has no assets and no means by which to pay the designated initial partial filing fee. In order to show cause, the plaintiff must file a current certified copy of his trust fund account statement. It is

* * *

> FURTHER ORDERED that, after payment of the initial partial filing fee, the plaintiff shall be required to make monthly payments of twenty percent (20%) of the preceding month's income credited to his trust fund account or show cause each month as directed above why he has no assets and no means by which to make the monthly payment. Plaintiff is directed to make the necessary arrangements to have each monthly payment identified by the civil action number on this order. It is
>
> FURTHER ORDERED that if within the time allowed the plaintiff fails to have the designated initial partial filing fee or monthly payments sent to the clerk of the court or to show cause as directed above why he has no assets and no means by which to pay the designated initial partial filing fee or make the monthly payments, the Prisoner Complaint will be dismissed without further notice.

*Order Granting Plaintiff Leave to Proceed Pursuant to 28 U.S.C. § 1915* [Doc. #12], pp. 2-3 (emphasis in original).

Section 1915(b)(2), 28 U.S.C., requires that a prisoner "shall make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account," provided the prisoner's account exceeds $10.00. This provision requires the prisoner to make the payment at the time his account is credited, before the prisoner engages in other, discretionary spending. Harris v. Colorado Dept. of Corrections, 2000 WL 33193816, at *1 (D. Colo. December 19, 2000).

The plaintiff paid the $34.00 initial partial filing fee on August 11, 2008 [Doc. #19]. He has not made monthly payments to the court nor has he shown cause why he cannot make payments for the months of August, September, October, November, and December 2008. Therefore, on or before **February 26, 2009**, the plaintiff must either make the required monthly payments or show cause why he cannot.

It is not acceptable for plaintiff to meet his monthly obligations only when specifically called upon by the court through an order to pay or show cause. Such a procedure unreasonably burdens the court. Consequently, hereafter I will require plaintiff, by the **15th day** of **each** month and without any further notice from or order of the court, either to make the required monthly payment for each preceding month or to file a certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has no assets and no means by which to make the monthly payment.

Plaintiff is further advised that making purchases at the canteen in lieu of making his required monthly payments fails to demonstrate good cause for his nonpayment. See Cosby v. Meadors, 351 F.3d 1324, 1327 (10th Cir. 2003) (noting that "when a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required partial payments"). If plaintiff fails hereafter to comply with this requirement in any month prior to the date on which the filing fee is paid in full, I will recommend that the case be dismissed for failure to comply with this order and with the orders allowing plaintiff to proceed *in forma pauperis* and without payment of his initial partial filing fee [Doc. #2 and #5].

IT IS ORDERED that on or before **February 26, 2009**, the plaintiff shall make the required monthly payments for August, September, October, November, and December 2008, or show cause why he cannot.

IT IS FURTHER ORDERED that by the **15th day** of **each** month hereafter plaintiff shall either make the required monthly payment for each month or file a certified copy of his inmate trust fund account statement for the month demonstrating that he is not required pursuant to 28

3

U.S.C. § 1915(b)(2) to make a monthly payment. Furthermore, if payment is made for the preceding month, in order to verify that the appropriate amount is being paid, the plaintiff must file a certified copy of his trust fund account statement for that month. The civil action number should be noted on all payments as well as on any trust fund statements that are filed with the court.

IT IS FURTHER ORDERED that if plaintiff fails to comply with this order, the complaint and this civil action may be dismissed without further notice.

Dated January 26, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge